# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICKY RICKY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1046-R** |
| | ) | |
| **CHRIS GANTT, et al,[1]** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Ricky Ricky, a non-citizen proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 5). Based on Petitioner's failure to either pay the filing fee or file a proper application to proceed *in forma pauperis* ("IFP," without prepayment of fees or costs), the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

Petitioner filed the instant Petition on May 8, 2026. (Doc. 1). On May 13, 2026, the undersigned ordered that Petitioner either pay the $5.00 filing fee or file an IFP

---

[1] Chris Gantt is now the Warden of Cimarron Correctional Facility and is substituted as Respondent. (Doc. 1, at 1). *See Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019) ("If a petitioner names the wrong respondent, this Court may simply substitute the correct party."), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019).

application by June 3, 2026. (Doc. 6, at 2). Petitioner was warned that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*)

The Court sent the order to Petitioner at Cimarron Correctional Facility, but it was returned to the Court and marked "not at this address." (Doc. 8). Petitioner did not submit an updated address as required by LCvR 5.4. But the undersigned took notice of Petitioner's relocation to the Rio Grande Detention Center. *See* U.S. Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last accessed June 5, 2026). The Court docket reflects that the order, (Doc. 6), was mailed to Petitioner at his new facility on May 27, 2026. But, to date, Petitioner has neither paid the $5.00 filing fee nor filed an IFP application.

Pursuant to Federal Rule of Civil Procedure 41(b), if a petitioner "fails to prosecute or to comply with these rules or a court order," the court may dismiss the action. The Tenth Circuit interprets Rule 41(b) to permit courts to dismiss habeas actions *sua sponte* when a petitioner fails to prosecute his claim. *See, e.g.*, *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (affirming dismissal of habeas petition under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Rule 41(b) without attention to any particular procedures).

Petitioner's failure to comply with the court's Order leaves the court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the court has provided Petitioner sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation. Thus, considering the court's right and responsibility to manage its cases, the undersigned finds that Petitioner's failure to comply with the court's Order, (Doc. 6), warrants a recommendation that the court **DISMISS** this action without prejudice to the re-filing.

**The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before June 29, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

**The Clerk of Court is directed to send this Report and Recommendation to Petitioner to both his address on file and the Rio Grande Correctional Center.**

3

ENTERED this 8th day of June, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE